IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
AT JONESBORO

| | |
|---|---|
| JAKE HARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09CV-00056-JLH |
| ) | |
| LOWE'S HOME CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, the parties to this action have served, or may serve, interrogatories, requests for production of certain documents and tangible things, and notices of depositions, subpoenas and requests for admissions, the responses to which the respective attorneys contend will call for the disclosure of Confidential Information, as defined below; and

**WHEREAS**, the parties to this action, by and through their respective counsel, may agree to produce such Information, subject to the terms and provisions of this Protective Order;

IT IS on this 27th day of July 2009, hereby **ORDERED** that:

A.   Definitions

1.   The term "Information" as used in this Protective Order shall mean and refer to all or part of: (a) discovery responses and other written Information; (b) testimony and other oral statements, transcripts or recordings thereof, including exhibits thereto; (c) documents and things produced; (d) any other form or format in which discovery or disclosure is made in these actions, whether in writing, on electronic, magnetic and/or digital media or otherwise; (e)

copies, excerpts, extracts and summaries of any of the foregoing; and (f) any Information contained in any of the foregoing.

2. The term "Confidential Information" or "Confidential" is defined herein to mean (a) trade secret or business competitive Information relating to Lowe's (as defined herein), and its clients, customers, employees, any other party hereto, or any third party, and (b) Information, not containing trade secret or business competitive Information, that nonetheless contains financial, personal, or proprietorial Information about Lowe's or its clients, customers, employees and/or Lowe's business practices, the disclosure of which may prejudice the interests of Lowe's (as defined herein), or its clients, customers, employees, any other party hereto, or any third party.

3. The term "Mr. Harr" as used herein shall include Plaintiff, Jake Harr, his predecessors, successors, successors in interest and assigns, together with his respective past, present, and agents, representatives, and consultants of Mr. Harr.

4. The term "Lowe's" as used herein shall include Defendant Lowe's Home Centers, Inc., its predecessors, successors, subsidiaries, corporate affiliates, successors in interest and assigns, together with its respective past, present and future officers, directors, agents, representatives, and consultants of any or all of them.

B. <u>Designation of Confidential Information</u>

1. Any party hereto claiming in good faith that any Information is Confidential shall be required to designate those materials which are considered to be Confidential and covered by this Protective Order in writing or on the stenographic record to the other party and its attorney at or prior to the time of disclosure of any such materials. Any document, response, pleading, or interrogatory answer which a party in good faith believes ought

to be covered by this Protective Order and which is delivered to the opposing party shall be stamped "CONFIDENTIAL" by the originating party on or before the time of delivery. As to deposition testimony, such designation shall be made on the record at the time of the deposition or in writing within 30 days after the testimony is transcribed and delivered to the parties.

2. This Protective Order shall be without prejudice to either party bringing before the Court at any time the question whether any particular Information is or is not Confidential as defined in this Protective Order. If a party questions the designation of a document as Confidential, the party asserting its confidentiality shall have ten (10) days in which to file for judicial approval of the designation. Documents designated as Confidential will be treated as Confidential until a Court rules that the document is not Confidential.

C. <u>Use of Confidential Information</u>.

Information designated as Confidential shall be kept strictly confidential and shall not be disclosed, disseminated, discussed or otherwise published in whole or in part, directly or indirectly, by any manner, method or means whatsoever to any person, firm or entity except as provided herein. No Confidential Information produced or disclosed in this action may be used by any person, firm or entity for any purpose whatsoever except in connection with the prosecution, defense or settlement of this action.

D. <u>Filing of Confidential Information</u>

All transcripts, depositions, exhibits, interrogatory answers, pleadings, and other documents which are filed with the Court in this action which have been designated as Confidential, and all pleadings, briefs and memoranda purporting to produce or paraphrase such Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the

contents of such sealed envelope or other container, the word "CONFIDENTIAL" and words in substantially the following form:

> "This envelope contains documents which are filed in this case by [name of party] and, by Order of this Court, shall not be opened nor the contents hereof be displayed or revealed except by further order of the Court."

    E.    <u>Use of Confidential Information at Public Trials or Hearings</u>

In the event that any party hereto intends to use any Confidential Information in any public trial or hearing in this action or any appeal therefrom, the party proposing to use said Information shall give adequate notice to the producing party to permit the producing party an opportunity to seek appropriate protection from the Court.

    F.    <u>Disclosure of Confidential Information</u>

        1.    The disclosure of Confidential Information shall be limited to:

            a.    The attorneys for the parties herein, including in-house counsel, and such other attorneys who shall enter an appearance in this action;

            b.    Secretaries, paralegals, legal assistants, and other personnel regularly employed by attorneys in this action;

            c.    Any former, present or future director, officer or employee of the requesting or producing party or its liability insurance carriers in this action to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

            d.    Witnesses and consultants to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action and subject to the requirements of paragraph F.3. hereof; and

            e.    Stenographic or court reporters involved in the memorialization or transcription of testimony in this action.

        2.    The persons identified in paragraph F.1. shall be prohibited from disclosing any Confidential Information except as provided herein, or except as otherwise agreed

upon by the party producing the Confidential Information, or except as permitted by order of this Court or as ordered by any other court or as required by a subpoena; provided, however, that a party who intends to produce any of the Confidential Information in response to an Order of Court or subpoena shall, prior to producing such Information, give all other parties to this Protective Order such notice as is reasonably practicable of the intention to do so. If a protective order cannot be obtained and a recipient of Confidential Information is compelled by a court order to disclose it, that person or entity may disclose only such portion of such Information that is required to be disclosed.

3.  Confidential Information may be disclosed to such witnesses, consultants, and experts as may be deemed necessary by any party to assist in the preparation of this case, provided that, prior to disclosure of the Confidential Information, such persons shall be required to read a copy of this Protective Order and sign a form, attached as Exhibit A, affirming that (a) they have read this Protective Order; (b) they consent to be bound by its terms; and (c) they agree they will not disclose the Confidential Information they receive other than in proceedings regarding this case. The party making the disclosure of the Confidential Information to such persons shall be responsible for assuring compliance with this provision. Counsel disclosing Confidential Information shall be responsible for maintaining all acknowledgements signed by persons receiving Confidential Information. Any expert or consultant who is found by this Court to have violated the terms of this Order may, in the Court's discretion, be barred from testifying at trial. A copy of any acknowledgement signed by a person who is designated by a party as a witness will be provided for all parties.

4.  Nothing contained herein shall prevent any party from disclosing Confidential Information to any witness during a deposition. However, unless a deposition

witness has complied with paragraph F.3. of this Order, no deposition witness may review or retain any Confidential Information before or after the deposition and the portion of the deposition containing Confidential Information shall be considered confidential and subject to this Protective Order.

G. Inadvertent Production

1. Any party or non-party to this action may request the return of any inadvertently produced document, including, but not limited to, (a) any document the party or non-party claims is covered by the attorney-client privilege, work-product doctrine, the self-critical analysis privilege or any other applicable privilege or protection; and (b) any document the party or non-party inadvertently fails to designate as Confidential, Proprietary, or subject to any future agreed-upon claim for protection. Any such inadvertent production will not be considered to have waived any claim of privilege or protection from discovery; and upon request for the return of the inadvertently produced document(s), as provided in G. 3., *infra*, such documents and information shall be fully subject to this Protective Order as if they had been initially designated as Confidential.

2. A request for the return of an inadvertently produced document shall identify the document inadvertently produced and the basis for withholding such document from production. Upon receipt of such a request, each party who received the document shall return each copy to the person making the request. In addition, each party who received the document shall locate and return to the producing party all copies of the inadvertently produced document that may have been distributed by said party to any other person, firm or entity. All copies of the inadvertently produced document shall be returned to the producing party within fifteen (15) days of receipt of the request from the producing party. The party who received the

inadvertently produced document shall not disseminate it to any person, firm or entity; utilize the contents of the document; raise the document before the Court or jury; or otherwise act to compromise the privileged and/or confidential nature of the document in this or any other litigation. In the case of a document inadvertently produced without a "Confidential" designation, a properly designated document should be provided at the time the inadvertently produced document is returned.

3. Any request for the return of an inadvertently produced document shall be made within the following time periods: (a) for documents that have been marked as an exhibit at a deposition or attached as an exhibit to a motion or brief in this case, within fifteen (15) days of the date of the marking of the deposition exhibit or of the date on which the requesting party was served with such motion or brief; or (b) for documents that have not been marked as an exhibit, within thirty (30) days before trial.

4. Any dispute concerning the timeliness of the request or the timeliness of the return of the inadvertently produced document may be resolved by the filing of an appropriate motion with the Court. Until the Court has resolved any such motion, no party in possession of any document that is the subject of the dispute shall disseminate or use the document for any purpose.

H. General Provisions

1. A party shall be allowed to designate Information produced by any other party or entity as Confidential at a later date, at which time the provisions of this Order shall apply to such Information.

2. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any Information or documents for lack of timeliness,

relevance or materiality, or as a privileged communication, or as work product of counsel, or as not calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Information.

3. Upon final termination of this action, the parties and any other person subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Information marked "Confidential" and all copies, summaries and abstracts thereof to the extent they disclose such Confidential Information, and to return or destroy all other material, memoranda or documents embodying such Confidential Information. All persons and entities to whom Confidential Information is disclosed pursuant to the terms of this Order shall certify within 30 days of the termination of this action that they have complied with this paragraph.

4. Upon the request of any party, and with proper notice to any opposing party, the Court may modify or amend this Order.

5. It is contemplated by this Protective Order that the Information covered by this Order shall be treated as Confidential even after the resolution of this action. United States District Court for the Eastern District of Arkansas, Jonesboro Division, shall retain jurisdiction to enforce this Protective Order.

*J. Leon Holmes*

CHIEF JUDGE J. LEON HOLMES
UNITED STATES DISTRICT COURT

APPROVED FOR ENTRY:


/s/ Robert W. Francis (*with permission, by M. R. Hagan*)
Charles A. Banks, Esq. (Ark. Bar No. 73004)
Robert W. Francis, Esq. (Ark. Bar No. 2007032)
BANKS LAW FIRM, PLLC
100 Morgan Keegan Drive, Suite 100
Little Rock, Arkansas 72202
(501) 280-0100 – Telephone
(501) 280-0166 – Facsimile

*Counsel for Plaintiff, Jake Harr*



/s/ M. Ruthie Hagan
M. Ruthie Hagan (Ark. Bar No. 2004178)
Clarence A. Wilbon (#23378)
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, Tennessee 38103
Telephone: 901-543-5900
Facsimile: 901-543-5999
rhagan@bassberry.com
cwilbon@bassberry.com

*Counsel for Lowe's Home Centers, Inc.*


7963809.3

# EXHIBIT "A"

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I have read the Protective Order entered in the matter of <u>Jake Harr v. Lowe's Home Centers, Inc.</u>, Case No. 3:09-cv-00056-JHL, filed in the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and agree to abide by and be bound by its terms. I agree not to disclose any of the documents which I have received, or will receive labeled "Confidential", or information contained in them, that have been made available or produced by the Parties in this Case, as provided for in the Protective Order. I understand that disclosure by me of documents labeled "Confidential" or information in them is not permitted by the Protective Order unless the Court allows me to do so. I agree to destroy or return all "Confidential" documents at the conclusion of my participation in this Case.

_____
Name

_____
Date

7963861.1